UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jonathan Henry,

      Plaintiff,

      v.                                  Civil Action No. 2:16-cv-41-cr-jmc

Vermont Department of Corrections
and Jeremy Bradley,

      Defendants.

## REPORT AND RECOMMENDATION
(Doc. 5)

Plaintiff Jonathan Henry brings this action through counsel pursuant to 42 U.S.C. § 1983, seeking declaratory, compensatory, and punitive damages against Defendants the Vermont Department of Corrections (DOC) and Jeremy Bradley, a former Correctional Officer (CO) for the DOC.  Henry alleges that Defendants violated his constitutional rights to equal protection and to be free from cruel and unusual punishment stemming from his physical assault and verbal harassment by Bradley in February 2013, while Henry was incarcerated at the Northern State Correctional Facility in Newport, Vermont.  (Doc. 1 at 1–2.)  Henry claims that Bradley harassed him on the basis of his race on the night of the assault and that Bradley engaged in a pattern of racial harassment directed at Henry prior to that date (*id.* at 2, 4–5, 11); that the DOC was negligent in its provision of medical care to Henry, in violation of 28 V.S.A. § 801(a) (*id.* at 12–13); that the DOC acted in a grossly negligent manner by failing to adequately supervise and reprimand

Bradley (*id.* at 13); that the DOC violated 9 V.S.A. § 4502, Vermont's Public Accommodation Act (VPAA) by and through the actions of Bradley (*id.* at 13–14); that the DOC violated the Vermont State Tort Claims Act, 12 V.S.A. § 5601, by and through the intentional actions of Bradley which caused "great emotional distress" to Henry (*id.* at 14); and that the DOC, by and through the intentional acts of Bradley, assaulted and battered Henry, causing permanent and irreparable injury to Henry (*id.* at 14–15). Henry seeks monetary damages and a declaration that the actions of Defendants violated the United States Constitution and state law.

      Pending before the court is Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 5.) Therein, the DOC and Bradley "in his official capacity only" seek dismissal of Henry's Complaint against them "in its entirety." (*Id.* at 1, 6.) Defendants argue that the Eleventh Amendment of the United States Constitution prevents Henry from suing the State in federal court and thus bars his claims against them. Counsel for Henry has filed a Response to Defendants' Motion, wherein he states that he "will not be filing a substantive reply" and he "anticipates that the Court will enter an order of dismissal [of the claims against the DOC and Bradley in his official capacity]." (Doc. 17 at 1.) However, advising that the court has agreed to extend the deadline to file an Answer or other responsive pleading to August 5 for Bradley *in his individual capacity*, Henry requests that the court not dismiss the claims against Bradley in his individual capacity. (*Id.*)

The Eleventh Amendment bars actions for money damages brought against states and their entities absent their consent to suit or an express or statutory waiver of immunity.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979).  This court has repeatedly observed that Vermont has expressly retained its sovereign immunity and has not consented to be sued.  *Walters v. Hofman*, No. 1:09-cv-84, 2009 WL 6329145, at *4 (D. Vt. Dec. 29, 2009), *report and recommendation adopted*, 2010 WL 1403957 (D. Vt. Apr. 2, 2010).  Defendants correctly argue that this bar applies not only to Henry's claims for monetary relief but also to his claims for declaratory relief, which seek a declaration that State officials' past conduct violated federal law.  In federal court, "[s]uits against state officers . . . can only seek prospective injunctive or declaratory relief for violations of federal law."  *Davis v. Pallito*, Civil Action No. 5:10-CV-154, 2011 WL 4443026, at *6 (D. Vt. June 16, 2011), *report and recommendation adopted*, 2011 WL 4443008 (D. Vt. Sept. 22, 2011).

Counsel for Henry appears to concede these issues, having declined to file a substantive response to Defendants' Motion to Dismiss, beyond requesting that the individual-capacity claims against Bradley remain.  Therefore, I recommend that Defendants' Motion to Dismiss (Doc. 5) be GRANTED, in part, and Henry's claims against the DOC and Bradley in his official capacity be DISMISSED.  The claims against Bradley in his individual capacity, however, should remain.

Dated at Burlington, in the District of Vermont, this 2nd day of August, 2016.

>                             /s/ John M. Conroy
>                             John M. Conroy
>                             United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).