UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Jonathan Henry,

    Plaintiff,

    v.           Civil Action No. 2:16-cv-41-cr-jmc

Vermont Department of Corrections
and Jeremy Bradley,

    Defendants.

### REPORT AND RECOMMENDATION
(Doc. 19)

Plaintiff Jonathan Henry brings this action through counsel pursuant to 42 U.S.C. § 1983, seeking declaratory, compensatory, and punitive damages against Defendants the Vermont Department of Corrections (DOC) and Jeremy Bradley, a former Correctional Officer for the DOC. Henry alleges that Defendants violated his constitutional rights to equal protection and to be free from cruel and unusual punishment based on a physical assault and verbal harassment by Bradley in February 2013, while Henry was incarcerated at the Northern State Correctional Facility in Newport, Vermont. (Doc. 1 at 1–2.)

On September 21, 2016, the court granted Defendants' unopposed[1] Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of

---

[1] Henry had filed a one-paragraph Response to Defendants' Motion, wherein he stated that he "will not be filing a substantive reply" and he "anticipates that the Court will enter an order of dismissal [of the claims against the DOC and Bradley *in his official capacity*]." (Doc. 17 at 1 (emphasis added).) Henry requested in the Response that the court *not* dismiss the claims against Bradley *in his individual capacity*, and the court did not. (*Id.*)

subject-matter jurisdiction and failure to state a claim (Doc. 5), thereby dismissing, without prejudice, Henry's claims against the DOC and Bradley in his official capacity and leaving only the claims against Bradley in his individual capacity.  (Docs. 18, 22.)  Now pending before the court is Defendant Bradley's more recent Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(5) and (6) for insufficient service of process and failure to state a claim.  (Doc. 19.)  Among his contentions, Bradley asserts that Henry has failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).  (*Id.* at 4–6.)  Henry, through counsel, has filed a one-paragraph Response to the Motion, wherein he states that he "will not be filing a substantive reply" and he "anticipates that the Court will enter an order of dismissal on that claim."  (Doc. 21.)  Henry further states that, "[o]nce the Court has entered its dismissal, [he] will refile his complaint with the Vermont Superior Court, Washington Civil Division[,] wherein there will be no requirement for exhaustion pursuant to the Prison Litigation Reform Act."  (*Id.*)

     On October 21, 2016, the court held a status conference with counsel for both parties in an attempt to clarify Henry's position with respect to Bradley's pending Motion to Dismiss.  (Doc. 27.)  Attorney Robert Appel, counsel for Henry, advised that there is no factual basis for Henry to show that he exhausted his available administrative remedies before filing this lawsuit, as required under the PLRA.  More specifically, Henry's counsel stated that Henry had not invoked the applicable grievance procedures available to inmates, and therefore he could not oppose Bradley's Motion to Dismiss in good faith.

Given Henry's concession that he failed to properly exhausted his available administrative remedies under the DOC's applicable grievance procedure (*see* Doc. 19 at 6), I recommend GRANTING Bradley's Motion to Dismiss (Doc. 19) and DISMISSING Henry's Complaint without prejudice.  *See Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) ("Exhaustion is mandatory—unexhausted claims may not be pursued in federal court."); *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) ("[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself.") (internal quotation marks omitted).

Dated at Burlington, in the District of Vermont, this 26th day of October, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).